Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| NOVACANN LABS, CORP.<br><br>Recurrida<br><br>v.<br><br>MARJORIE RIVERA TOLENTINO, EN SU CAPACIDAD DE DIRECTORA EJECUTIVA DE LA OFICINA DE CANNABIS MEDICINAL Y JUNTA REGLAMENTADORA DE CANNABIS MEDICINAL<br><br>Peticionaria | TA2026CE00631 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de SAN JUAN<br><br>Caso Núm.:<br>SJ2026CV01175<br><br>Sobre:<br>Ley de Transparencia y Procedimiento Expedito para Acceso a la Información Pública (Ley Núm. 141-2019) |

Panel integrado por su presidenta la Jueza Rivera Marchand, la Jueza Mateu Meléndez y la Jueza Boria Vizcarrondo.

Mateu Meléndez, Jueza ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 5 de junio de 2026.

El 18 de mayo de 2026, Marjorie Rivera Tolentino, como Directora Ejecutiva de la Junta Reglamentadora de Cannabis Medicinal y dicho cuerpo (en conjunto, la parte peticionaria) acudió ante este Tribunal de Apelaciones e instó una *Petición de Certiorari*. En esta, nos solicitó la revisión y revocación de la *Orden* dictada y notificada por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI o foro primario) en la misma fecha. Por virtud del aludido dictamen, el foro primario, al atender la *Moción en Reconsideración de Orden, en Oposición a Solicitud de Sanciones y en Solicitud de Honorarios por Temeridad* dispuso que no había nada que proveer, pues habiéndose acudido en *certiorari* ante este Tribunal, no podía relitigar el asunto.

Examinada la oposición a la expedición del recurso sometida por Novacann Labs, Corp., así como el expediente judicial según surge del Sistema Unificado de Manejo y Administración de casos del Tribunal de

Primera Instancia (SUMAC TPI), desestimamos el recurso de epígrafe. Así hacemos, pues hemos podido constatar que la controversia planteada ante nos ha advenido académica. En consecuencia, carecemos de jurisdicción.

-I-

A continuación, exponemos los hechos más importantes relacionados a la controversia traída ante nuestra atención por la parte peticionaria y a la razón por la cual debemos desestimar el recurso de autos.

El 16 de febrero de 2026, Novacann Labs Corp (Novacann) instó un recurso de revisión judicial ante el TPI al amparo de la Ley 141-2019.[1] Allí, se indicó que el 2 de diciembre de 2025, Novacann remitió por correo electrónico una solicitud de requerimiento de información pública en la que requirió de la Junta Reglamentadora de Cannabis Medicinal (Junta) cierta información. También se indicó que, por un error en algunas de las fechas aludidas en el requerimiento, la petición fue enmendada el 18 de diciembre de 2025. En el recurso se informó la documentación que fue solicitada. En este, además, Novacann manifestó que la Junta proveyó contestaciones escuetas para denegar la información antes de la enmienda, más no respondió a esta última, teniendo hasta el 29 de enero de 2026 para así hacerlo. Por tanto, solicitó que se le ordenara a la Junta a producir la información requerida.

El 13 de marzo de 2026, la Junta sometió su *Contestación al Recurso Especial de Revisión Judicial para el Acceso a la Información Pública*.[2] En esta, aseveró que la información solicitada no constituía información pública divulgable bajo la Ley 141-2019 pues los documentos solicitados no existían en la forma descrita por Novacann, porque forman parte del material deliberativo interno de la agencia, o porque contenían información técnica

---

[1] Véase, SUMAC TPI, Entrada Núm. 1.
[2] *Íd.,* Entrada Núm. 11.

y comercial perteneciente a terceros cuya divulgación lesionaría derechos jurídicamente protegidos.

Mediante escrito sometido el 24 de marzo de 2026, Novacann se opuso a la desestimación que la Junta solicitó como remedio en su oposición al recurso. En síntesis, expuso que las alegaciones de confidencialidad y referencias imprecisas a material deliberativo interno y la supuesta inexistencia de determinados documentos traídas por la Junta de Cannabis eran difíciles de entender o reconciliar con las propias actuaciones regulatorias de la agencia que implican la generación de documentación administrativa. O sea, que el Estado no podía ejercer su autoridad regulatoria, tomar determinaciones administrativas y posteriormente invocar la inexistencia de la documentación que necesariamente sustentaba dichas actuaciones para evitar el escrutinio público que exige nuestro ordenamiento jurídico. A su vez, negó que la Junta tuviera legitimación activa para invocar el privilegio de secreto comercial en representación de terceros. [3]

Habiéndose sometido una réplica por parte de la Junta a la postura de Novacann, el 16 de abril de 2026, el foro primario dictó *Resolución* mediante la cual explicó cada uno de los argumentos expuesto por las partes, tanto en favor como en contra de la producción de los documentos. A su vez, consignó su postura en cuanto a la información. En virtud del análisis allí expuesto, el TPI declaró con lugar el Recurso Especial de Revisión Judicial para el Acceso a la Información Pública Enmendado presentado por Novacann. En consecuencia, le ordenó a producir la documentación según allí resolvió dentro del plazo de cinco (5) días.

El 6 de mayo del año en curso, Novacann presentó una *Solicitud de Orden y Sanciones por Incumplimiento* en la que señaló que, si bien la Junta produjo 177 folios, existen omisiones sustanciales que comprometían el

---

[3] *Íd.,* Entrada Núm. 13

cumplimiento de la resolución, por lo que solicitó que se le ordenara cumplir con la resolución dictada, además de la imposición de sanciones.[4] La Junta se opuso a este escrito. Al hacerlo, señaló que muchos de los documentos que Novacann alegó que no fueron producidos, en efecto sí se entregaron. Ahora, expuso que en cuanto a parte de la documentación intercambiada dentro de los correos electrónicos producidos se encuentran materiales técnicos internos, metodologías operacionales o Procedimientos Operacionales Estandarizados ("SOPs") pertenecientes a establecimientos regulados reafirmándose que estos no eran divulgables al amparo de las disposiciones de confidencialidad y protección de secretos de negocio reconocidas en los Artículos 113(A), 147(A)(1)(c) y 147(A)(1)(d) del Reglamento Núm. 9038. Particularmente, adujo que la documentación que Novacann pretendía obtener excedía a lo autorizado por el tribunal mediante la resolución dictada.[5]

Por su parte, Novocann, sometió una réplica al escrito de la Junta. Allí, señaló que la Junta reiteraba y reafirmaba defensas que el tribunal ya rechazó, entiéndase: la pretendida confidencialidad de información técnica y operacional por concepto de "secreto de negocio" perteneciente a terceros.[6] Así las cosas, el 14 de mayo de 2026, Cannalytics LLC (Cannalytics) compareció en el caso y sometió *Urgente Solicitud de Intervención de La Parte Indispensable Cannalytics LLC*. Tal cual anuncia su título, solicitó intervención como parte indispensable en el pleito. En su petición, destacó no haber sido notificada de la solicitud de Novacann y alegó que, mediante el requerimiento instado, esta pretendía obtener información de secretos de negocios que de otra manera no tendría acceso.

El 15 de mayo de 2026, el TPI declaró No Ha Lugar la petición de intervención de Cannalytics. Ese día, también dictó orden dándole un

---

[4] *Íd.,* Entrada Núm. 18.
[5] *Íd.,* Entrada Núm. 20.
[6] *Íd.,* Entrada Núm. 22.

término final de 24 horas a la Junta para cumplir con la Resolución o impondrá una sanción de $100.00 diarios por incumplimiento.[7] En esa misma fecha, Cannalytics acudió en revisión judicial de la denegatoria de intervención mediante el recurso de *certiorari* TA2026CE0620.[8] Por su parte, ese mismo día, la Junta instó *Moción en reconsideración de Orden, en oposición a solicitud de sanciones, y en solicitud de honorarios por temeridad*, con respecto a la orden del foro recurrido, la cual requería so pena de sanciones, a cumplir en un término de 24 horas con la producción de la información solicitada.

En respuesta a la solicitud de reconsideración, el 18 de mayo de 2026, foro primario dictó la siguiente orden: "Nada que proveer. Habiendo presentado el *Certiorari*, no puede regresar al Tribunal de Instancia para relitigar el asunto."[9] Ese mismo día, Cannalytics presentó *Moción aclaratoria en torno a Orden dictada el 18 de mayo de 2026 y sobre otros extremos*. Allí, señaló y aclaró que la petición de *certiorari* que surgía del récord había sido presentada por ella y no por la Junta, cuya moción de reconsideración trata sobre el dictamen en el que le ordenó so pena de sanciones a cumplir con la producción de la información requerida por Novacann.

Habida cuenta de ello, el mismo 18 de mayo de 2026, la Junta instó el recurso de epígrafe. En este, le imputó error y abuso de discreción al negarse a atender su moción de reconsideración bajo la premisa de que existía un recurso de *certiorari* que le impedía atender el asunto, cuando el mismo fue sometido por un tercero y trataba de una controversia distinta a los planteamientos en reconsideración planteados.

Así las cosas, el 19 de mayo de 2026, la Junta sometió ante nos *Moción Informativa Urgente sobre Desarrollo Procesal Posterior a la Presentación del*

---

[7] *Íd.,* Entradas 24 y 25.
[8] *Íd.,* Entrada 26.
[9] *Íd.,* Entradas 28 y 29.

*Recurso* en la que informa que luego de haberse instado el recurso de epígrafe, el foro primario dictó la siguiente Orden:

En cuanto a la confusión en las órdenes emitidas por escritos presentados, tiene razón. Procedemos a enmendar las órdenes de la siguiente manera:

A la MOCIÓN EN RECONSIDERACIÓN DE ORDEN, EN OPOSICIÓN A SOLICITUD DE SANCIONES, Y EN SOLICITUD DE HONORARIOS POR TEMERIDAD, presentada por la parte Recurrida, tenga la Recurrente el término final de 48 horas para replicar.

En cuanto a la Petición de *Certiorari*, escrito presentado por CANNALYTICS, LLC., nos damos por Enterado.

La Junta manifestó que presentaba su escrito con el fin de mantenernos actualizados del desarrollo procesal del caso, más no constituía una renuncia a los planteamientos jurídicos contenidos en su petición de *certiorari* previamente presentada, incluyendo cualquier argumento relacionado con jurisdicción, efectos procesales de las órdenes previamente emitidas o cualquier otro planteamiento contenido en el recurso. El 26 de mayo de 2026, Novacann sometió su *Oposición a la Expedición del Auto de Certiorari y Solicitud de Honorarios por Temeridad*.

-II-

La jurisdicción es el poder o autoridad con el que contamos los tribunales para considerar y decidir los casos y controversias que nos son presentados ante nuestra consideración. *Freire v. Morales Román*, 2024 TSPR 129 215 DPR \_\_\_\_; al mencionar a *Munc. Aguada v. W Cost. Y Recovery Finance*, 214 DPR 432 (2024) y *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 499-500 (2019). En Puerto Rico, aun cuando los tribunales poseemos jurisdicción general, adquirimos autoridad para entender sobre los asuntos judiciales por virtud de ley. Por tanto, no la podemos atribuir ni las partes no las pueden otorgar.

Acorde con la norma imperante, estamos emplazados a ser fieles guardianes de nuestra jurisdicción por lo que los asuntos relacionados con esta deben ser atendidos con prioridad *Íd.*, al mencionar a *R&B Power, Inc.*

*v. Junta de Subasta ASG*, 213 DPR 685, 698 (2024) y *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020). Por ende, las cuestiones relativas a la jurisdicción pueden atenderse por petición de parte o inclusive, considerarse *motu proprio* por el tribunal, como parte de su deber ministerial. *Íd.*

La ausencia de jurisdicción no es susceptible de ser subsanada e incide de forma consustancial con la autoridad que nos ha sido conferida para atender en los méritos una controversia o un asunto sobre un aspecto legal. *Allied Mgmt. Group v. Oriental Bank, supra* a la pág. 387; *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250-251 (2012). De esa forma, si al hacer el análisis jurisdiccional, concluimos, que carecemos de jurisdicción para adjudicar la cuestión ante nuestra consideración, tenemos el deber de así declararlo y proceder con la desestimación del recurso apelativo. *Freire v. Morales Román*, *supra*.

Un caso se convierte en académico cuando "la cuestión en controversia pierde eficacia ante el paso del tiempo, ya sea porque ocurrieron cambios en los hechos o en el derecho y esta se vuelve inexistente. *Super Asphalt Pavement Corp. vs. AFI*, 206 DPR 803 (2021), al citar a *Pueblo v. Díaz, Rivera*, 204 DPR 472, 481 (2020). Una vez se determina que el caso es académico, los tribunales deben abstenerse de considerarlo. *Id.*

-III-

Según arriba consignamos, la Junta acude ante nos para señalar que constituyó error y abuso de discreción de parte del foro primario en no atender su solicitud de reconsideración ante la presentación de un recurso de *certiorari* sometido por un tercero que trata de controversias distintas a las que su escrito atendía. No obstante, tal cual reconoce en el escrito informativo que presentó ante nos el 19 de mayo de este año, posterior a la presentación del recurso de epígrafe el foro primario emitió un dictamen mediante el cual reconoció la confusión de varias órdenes dictadas en el

caso y procedió a enmendar sus previas determinaciones. Particularmente, y en cuanto al asunto relativo a la reconsideración, concedió un plazo a Novacann para que se expresara sobre el asunto. Esta acción, tornó académico el recurso de epígrafe y causó que perdiéramos jurisdicción en cuanto a este. La mera aseveración de la Junta en su escrito informativo que la información brindada no constituía una renuncia a los planteamientos levantados en su petición de *certiorari* es irrelevante. Al final de cuentas, como es harto conocido, la ausencia de jurisdicción no puede ser subsanada.

-IV-

Por los fundamentos que anteceden, desestimamos el recurso de epígrafe por falta de jurisdicción por ser académico.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones